IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOSEPH POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:10-0060 |
| v. | ) | |
| | ) | Judge Haynes/Bryant |
| AUSTIN BODIE and | ) | |
| LINDA OSBORNE, R.N., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff has filed his Motion to Substitute Party in Their Official Capacity and to Correct Error in his Motion for a Protective Order (Docket Entry No. 17). (Docket Entry No. 26.) However, because Plaintiff's Motion for a Protective Order (Docket Entry No. 17) was denied by order of this Court on October 6, 2010, Plaintiff's Motion to Correct Error in his Motion for Protective Order (Docket Entry No. 26) is denied as moot. Furthermore, pursuant to Rule 25(d), "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending" and "[t]he officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d) (2009). Defendants contend that the office of jail administrator is not a public office for purposes of Rule 25(d), but cite no authority for their proposition. (Docket Entry No. 28, Defs.' Resp. at 1.) However, pursuant to state law, a jail administrator is appointed by the county sheriff. Tenn. Code. Ann. § 41-4-101 (2011). As such, the undersigned finds that the office of jail administrator is a public office for purposes of Rule 25(d). See also Argue v. Burnett, 2011 WL 976413, at *7 (W.D.

1

Mich. Jan. 18, 2011). Thus, Administrator Dan Weikal's substitution for Defendant Bodie, in his official capacity, is automatic pursuant to Rule 25(d), and Plaintiff's Motion to Substitute Party in Their Official Capacity (Docket Entry No. 26) is denied as moot.

Next, Defendants have filed a motion for summary judgment (Docket Entry No. 32) to which Plaintiff has not responded. That motion is the subject of a Report and Recommendation entered contemporaneously with this Order. Plaintiff filed a second motion for a protective order for his legal journal on October 18, 2010, (Docket Entry No. 42), but because Plaintiff filed his legal journal as Exhibit U-1 in support of his proposed Amended Complaint (Docket Entry No. 66), the second motion for a protective order is moot. Plaintiff next filed his Motion to Require Defendants to Comply with Previous Order of this Court and for an Extension of Time. (Docket Entry No. 49.) However, the parties agreed to an order allowing Plaintiff an extension of forty-five days to respond to Defendants' motion for summary judgment, which the undersigned Magistrate Judge entered on November 3, 2010. (Docket Entry No. 54.) Furthermore, Plaintiff received his discovery materials as ordered by this Court after Defendants were apprised of Plaintiff's change of address. (Docket Entry No. 53, Defs.' Resp. at 1; Docket Entry No. 53-2, Defs.' Letter to Pl.) As such, Plaintiff's Motion to Require Defendants to Comply with Previous Order of this Court and for an Extension of Time is denied as moot.

Plaintiff then filed a motion for leave to file an amended/supplemental complaint (Docket Entry No. 59) to which Defendants have responded in opposition (Docket Entry No. 62). That motion is also addressed in the contemporaneously entered Report and Recommendation. Plaintiff also filed another application to proceed in forma pauperis (Docket Entry No. 61) in addition to his original application that was granted by this Court (Docket Entry No. 3). Because there is no need to file another application after the first application was granted, this additional

application (Docket Entry No. 61) is also denied as moot. Plaintiff has also filed motions to amend and correct his proposed amended/supplemental complaint (Docket Entry No. 63) and to add relief (Docket Entry No. 65), which are addressed in the undersigned's Report and Recommendation.

## CONCLUSION

In light of the foregoing, Plaintiff's Motion to Substitute Party in Their Official Capacity and Motion to Correct Error in Pleadings is **DENIED** as moot, Plaintiff's Motion for Protective Order is **DENIED** as moot, Plaintiff's Motion to Require Defendants to Comply with Previous Order of this Court and for an Extension of Time is **DENIED** as moot, and Plaintiff's Application to Proceed in Forma Pauperis is **DENIED** as moot.

So **ORDERED** this 21st day of June, 2011.

    s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge